TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
thatfield@hatfieldlawassociates.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES GABRIS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ASEMBIA, LLC., a Foreign Limited Liability Company; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW, Plaintiff JAMES GABRIS (hereinafter, "Plaintiff"), by and through his counsel, Trevor J. Hatfield, Esq., of the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendants as follows:

## **PARTIES**

1.  At all times relevant hereto, Plaintiff, residing in Las Vegas, Clark County, Nevada, was and is an individual residing in the State of Nevada.

2.  Plaintiff was an employee of Defendant ASEMBIA, LLC, a Foreign Limited-Liability Company.

3.  Upon information and belief, at all times relevant hereto, Defendant is and was a foreign corporation or similar business entity organized and existing under Nevada law and which regularly conducted business in Nevada.

4. Defendant regularly employs fifteen or more persons.

5. All acts which form the basis of this complaint occurred during Plaintiff's employment with Defendant.

6. All of the acts alleged herein and or failures alleged herein were duly performed by and or are attributable to Defendant, acting by and through their agents and employees. Said acts and or failures to act were within the scope of said agency and or employment, and Defendant ratified said acts and or omissions.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

8. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendant resides or resided, and/or regularly conducts business and where all the wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

10. Plaintiff was terminated from his employment on or about August 6, 2018, and Plaintiff thereafter timely filed an intake inquiry form to perfect, in November 2018, and did perfect, a formal charge of discrimination with the Nevada Equal Rights Commission [hereinafter "NERC"]

in March 2019, regarding the Defendant. NERC has a file sharing agreement with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

11. Plaintiff promptly and diligently accommodated all NERC and EEOC requests for information and fully cooperated in the investigation of his charge.

12. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

13. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## FACTUAL ALLEGATIONS

14. Plaintiff, male, 49 years old, was employed by Defendant in October 2017. He was employed for a couple of months when Defendant's human resource director, a female, Mary Tackmann, began a campaign of disparate treatment of Plaintiff.

15. Tackmann engaged in gender harassment of Plaintiff to intimidate Plaintiff. Tackmann would give Plaintiff directives that were completely in conflict with Plaintiff's supervisor David Barr. Tackmann favored female employees of Defendant; Tackmann permitted an unqualified woman named Tara Garcia to keep her job and was never criticized unlike Plaintiff, who was constantly nit-picked by Tackmann. Plaintiff complained to Barr about Tackmann's gender-motivated harassments. Nothing was done.

16. Barr gave Plaintiff an evaluation that Plaintiff met Defendant's employment expectations. One month later, Plaintiff was terminated by Tackmann without any explanation or reason, on August 6, 2018. Plaintiff was replaced by a person who was under 40 years old.

17. Upon information and belief and at all relevant times, Defendants employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks from 2018 to the present time and was further engaged in an industry directly affecting interstate commerce. At all relevant times, all

matters regarding compensation, terms, conditions, rights and privileges of Plaintiff's employment were governed and controlled by Defendants.

18. Upon information and belief and at all relevant times, certain individuals herein named below, including but not limited to Tackmann, was acting as supervisors, agents, servants and/or employees of Defendant. Defendant is therefore liable for the acts and omissions of these individuals pursuant to the principals of ratification, respondeat superior and actual and/or implied agency.

19. At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of his employment with Defendant.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION AGAINST DEFENDANT

**(Discrimination Under State and Federal Anti-Discrimination Statutes in Violation of Title VII: National Origin, Race, Color and Sex)**

20. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

21. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to a hostile work environment, based upon his gender, and discriminatory-motivated comments, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

22. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

///

23. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

24. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## SECOND CAUSE OF ACTION

### Age Discrimination in Violation of the

### Age Discrimination in Employment Act of 1967, as amended; 29 U.S.C. § 623

25. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the complaint as though set forth at length herein.

26. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to age motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified and tolerated by her employer.

27. The Age Discrimination in Employment Act of 1967 and 29 U.S.C. § 623 make it unlawful for an employer to discriminate against any employee because of their age.

28. Defendant singled Plaintiff out for termination due to his age, which was over 40 at the time of termination.

29. Plaintiff is informed and believes that other individuals, not in his protected class, were treated better than him.

30. As a direct and proximate result of Defendants' violation of the Age Discrimination in Employment Act of 1967 and 29 U.S.C. § 626, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and

loss of self-esteem in an amount to be determined at trial. Therefore, she seeks all legal and equitable remedies available at law.

31. Defendant's violation of the Age Discrimination in Employment Act of 1967 was willful. Pursuant to 29 U.S.C. § 626(b), Plaintiff requests an award of liquidated damages subject to proof.

32. Plaintiff is entitled to pre- and post-interest as well as attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### (Retaliation)

33. Defendants' conduct as detailed herein was in fact illegal. Plaintiff was subjected to discriminatory conduct and disparate treatment, all of which are illegal activities as directed, ratified and tolerated by his employers. The reason for Plaintiff's termination was pretext for age discrimination or for complaining about gender discrimination and hostility in the workplace.

34. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to them as employees, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity and other intangible injuries in an amount to be proven at trial.

35. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct and retaliation.

36. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain services of the law offices of Hatfield & Associates, Ltd. to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney fees and costs which have been reasonably incurred.

///

## **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. An award to Plaintiff for back pay and front pay economic damages in amount to be shown according to proof;

2. An award to Plaintiff for liquidated damages under the ADEA;

3. An award to Plaintiff for reasonable attorney's fees and costs;

4. An award to Plaintiff for interest on any awards at the highest rate allowed by law; and

5. Such other and further relief as this Court deems just and appropriate.

Dated this 10th day of August 2021.

**HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*